**NO SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
2011 JUL 19 PM 3:51
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

11-3476

---

KRISTINE MANDELL,

        Plaintiff,

-against-

LEO ARTHUR KELMENSON,

        Defendant.

---

BIANCO, J.

TOMLINSON, M.J.

## NOTICE OF REMOVAL OF DEFENDANT LEO ARTHUR KELMENSON

TO: CLERK, UNITED STATES DISTRICT COURT FOR THE
     EASTERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Leo-Arthur Kelmenson ("Defendant"), by his undersigned counsel, hereby files this Notice of Removal of the action styled *Kristine Mandell v. Leo Arthur Kelmenson*, Index Number 18789/2011, currently pending in the Supreme Court of the State of New York, County of Suffolk (the "State Court Action"), and states as follows:

1.     Plaintiff Kristine Kelmenson ("Plaintiff") filed a Summons and Complaint (the "Complaint") with the Supreme Court of the State of New York, County of Suffolk on June 9, 2011. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.     The Complaint was delivered to Defendant's summer home in the State of New York on June 20, 2011 and purportedly mailed to the same address on June 21, 2011. Plaintiff filed an Affidavit of Service with the Supreme Court of the State of New York, County of Suffolk on June 27, 2011.

3.     Defendant desires to remove the State Court Action to this Court and hereby

submits this Notice, along with all other process, pleadings and orders that have been served upon it. (*See* Exhibit A.) Defendant has not filed an appearance, answer or other pleadings in the State Court Action. Defendant is not aware of any other process, pleadings, or orders filed in the State Court Action. Upon information and belief, at the time of this Notice, no other defendant has been named, served or joined in this action.

4. The State Court Action arises out of injuries allegedly sustained by Plaintiff during her provision of housekeeping services to Defendant and his family. Plaintiff alleges, among other things, that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"). (*See* Complaint, Ex. A at ¶¶ 1, 17, 28.) Plaintiff also alleges that Defendant violated New York state law. (*Id.* at ¶¶ 1, 17.)

5. The State Court Action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), as the Supreme Court of the State of New York, County of Suffolk is located within this federal district.

6. The State Court Action is a civil action over which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1331, as the suit involves claims arising under the laws of the United States, including Title VII and the FLSA. Accordingly, the Complaint is properly removable to this Court.

7. Moreover, pursuant to 28 U.S.C. §1441(c), the remaining state cause of action asserted by Plaintiff in this action is properly removed to this Court because it is joined with those causes of action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. *See* Complaint, Ex. A.

8. Written notice of the filing of this Notice of Removal is being given to Plaintiff.

A copy of this Notice of Removal and supporting papers are being filed with the Supreme Court of the State of New York, County of Suffolk, as required by 28 U.S.C. § 1446(d).

9. This Notice is filed with this Court within 30 days after Defendant was served with a Summons in this case. Removal is, therefore, timely pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

10. Defendant does not waive any objections it may have to service, jurisdiction, or venue, and any other defenses or objections to this action.

WHEREFORE, Defendant Leo-Arthur Kelmenson prays that the State Court Action be removed to this Court.

Dated: July 19, 2011

Respectfully submitted,

HOGAN LOVELLS US LLP

By: _____
Barbara M. Roth
Christopher N. Franciose
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
*Attorneys for Defendant*

Exhibit A

# **EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------
KRISTINE MANDELL,

                       Plaintiff,

                    -against-

LEO ARTHUR KELMENSON,

                       Defendant.
-------------------------------------------------------------

Index No.: 18789/2011
Date Purchased: 6-9-11

**SUMMONS**

*Plaintiff designates*
*SUFFOLK County*
*as the place of trial*

*The basis of the venue is*
*Plaintiff's Residence*

*Plaintiff resides at*
*48 Fox Lane*
*Riverhead, New York*

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
         June 7, 2011

                                        *Yours etc.,*
                                        BRODY, O'CONNOR & O'CONNOR, ESQS.
                                        *Attorney(s) for Plaintiff(s)*

                                        _____
                                        Scott A. Brody
                                        111 John Street, Suite 900
                                        New York, New York 10038
                                        (212) 233-2505

*<u>Via Personal Service</u>*
*LEO ARTHUR KELMENSON*
*70 CEDAR LANE*
*REMSENBERG, NEW YORK*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------
KRISTINE MANDELL,

                Plaintiff,

-against-

LEO ARTHUR KELMENSON,

                Defendant.
---------------------------------------------------------------

Index No.: 18789/2011

COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for sexual harassment, sexually hostile work environment and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the New York State Human Rights Law, Executive Law §290, *et seq.* ("SHLR").

## PARTIES

2. At all times hereinafter mentioned, Plaintiff KRISTINE MANDELL was a resident of Suffolk County residing at 48 Fox Lane, Riverhead, New York.

3. Defendant at all times hereinafter mentioned, Defendant LEO ARTHUR KELMENSON, was a New York resident who employed plaintiff at 70 Cedar Lane, Remsenberg, New York.

4. Defendant Kelmenson at all relevant times was Plaintiff's employer, controlled and supervised Plaintiff's work and had hiring and firing authority over her.

## STATEMENT OF FACTS

5. In or about September, 2008, Defendant hired Plaintiff to work for him as a personal assistant.

6. For much of her employment, Plaintiff performed personal tasks for Defendant such as a home and health care. as well as arrange travel, making appointments for contractors and other vendors for Defendant and whatever else Defendant requested.

7. In addition to the Plaintiff, upon information and belief, Defendant employed four or more employees at the locations and/or other various locations which he owned.

8. In or about May of 2010, Defendant began a course of conduct that was designed to sexually harass the Plaintiff.

9. Beginning at that time, Defendant engaged in numerous acts, including but not limited to the following acts, which constituted pervasive sexual harassment:

    a. He would fall into the Plaintiff's arm so that he could rub against the Plaintiff breasts;

    b. He requested that Plaintiff give him a sexual massage;

    c. He offered the Plaintiff $2000.00 to give him a sexual massage;

    d. He asked the Plaintiff to meet him in the city and told her that they could tell his wife going to a show, when in fact, he wanted to go to a club on 33rd Street where he could watch and participate in people having sex, including Plaintiff.

    e. He discussed illicit and specific sexual acts with the Plaintiff with the hope that Plaintiff would engage in sexual acts with him.

    f. He described in vivid detail sexual acts with the specific intent of trying to excite the Plaintiff and to participate in sexual acts with her.

    g. Defendant requested Plaintiff put lotion on his legs, and then began moaning sexually.

    h. Defendant would block the phone when Plaintiff needed to answer it and

4

stroke her skin.

        i.      On June 17, 2010, Defendant stroked Plaintiff's leg at a restaurant where was taken for dinner.

10.      The aforesaid conduct continued until on or about June 18, 2010, during which time Plaintiff refused to participate in the sexual acts requested by, and suggested by the defendant.

11.      On or about June 16, 2010, Plaintiff was terminated from her employment and given two days notice.

12.      That upon information and belief, and based upon the statements made by the defendant, Plaintiff was terminated because of her refusal to participate in sexual acts with the Defendant.

13.      That even after Plaintiff was terminated from employment, the Defendant continued to call the Plaintiff in an attempt to have Plaintiff meet him at the place in the city for sexual massage and other participation in sexual acts.

14.      That Defendant's conduct continued until such time as attorneys for the Plaintiff wrote a letter to the Defendant at his office in the city, at which time the communications terminated.

15.      That Plaintiff advised Mr. Kelmenson that she would not engage in such conduct, though he continued to engage in such conduct almost on a daily basis, until such time where Plaintiff was forced to record the advances made by the Defendant.

16.      That the foregoing conduct which Plaintiff found both offensive and troubling and caused Plaintiff severe emotional distress and discomfort, and which pervaded her work environment.

17. That by reason thereof, the Defendant's conduct was in violation of Title VII of the Civil Rights Act of 1964, as amended 42 USC § 2000e, *et seq.*, the Human Rights Law of the State of New York.

18. By reason thereof, Plaintiff's employment was pervasively interfered with, ultimately resulting in her inabilities to be able to perform her services in accordance with the work requirements, and further resulting in her termination.

19. That by reason thereof, Plaintiff has been damage and is entitled to judgment against the Defendant in an amount which exceeds the minimum jurisdictional level of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION

20. The plaintiff repeats and reiterates each and every allegation contained in paragraphs marked "1" through "19" of this Complaint, all with the same force and effect as if herein set forth fully and at length.

21. That Plaintiff was initially hired as a "house keeper"

22. Plaintiff subsequently became employed beyond the definition of a home health aid, as Plaintiff was requested by Defendant to schedule appointments, to order deliveries, and to assist the plaintiff with all aspect of his life beyond his health care. including cooking, cleaning, driving, etc.

23. Plaintiff was not working with a nurse or other medical professional while working for Defendant.

24. Although Defendant paid Plaintiff for hourly for hours beyond her normal work week when applicable, Defendant never paid the Plaintiff for overtime, vacation, and other means of compensation.

25. That despite plaintiff's entitlement to remuneration for vacation and overtime, the Defendant subsequently refused to do so.

26. That by reason thereof, Plaintiff did not receive any overtime, vacation pay, or other pay, subsequent to her hire in September of 2008.

27. That given the job market, Plaintiff was forced to accept the remuneration she received, as Plaintiff could not afford to lose her position of employment.

28. That the aforesaid conduct violated the Fair Labor Standards Act.

29. That by reason of the foregoing, Plaintiff has been damaged and demands judgment against the Defendant in an amount that exceeds the minimum jurisdictional level of the Court.

**WHEREFORE**, Plaintiff demands judgment against the Defendant on the First and Second Causes of Action in an amount that exceeds the minimum jurisdictional limits of this Court.

Dated: New York, New York
June 7, 2011

_____
SCOTT A. BRODY

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF SUFFOLK )

KRISTINE MANDELL. being duly sworn. deposes and says: that. I am a plaintiff in this action and as such I have read the foregoing Verified Summons and Complaint and know the contents thereof: that the same is true to my own knowledge. except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe it to be true.

X _____
KRISTINE MANDELL

Sworn to before me this
7 day of June, 2011.

_____
NOTARY PUBLIC



SCOTT A. BRODY
Notary Public, State of New York
No. 4847243
Qualified in Suffolk County
Commission Expires July 27, 2014

Index No. _____  Year 20___

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF SUFFOLK

KRISTINE MANDELL,

              Plaintiff,

-against-

LEO ARTHUR KELMENSON

              Defendants.

## SUMMONS AND COMPLAINT

### BRODY, O'CONNOR & O'CONNOR, ESQS.

Attorneys for

111 JOHN STREET - SUITE 900
NEW YORK, NEW YORK 10038
(212) 233-2505
FAX (212) 233-2506

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter of sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: _____  Signature _____

              Print Signer's Name _____

Service of a copy of the within               is hereby admitted.

Dated:

              Attorney(s) for

### PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY — that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within-named Court on _____ 20___

☐ NOTICE OF SETTLEMENT — that an Order of which the within is a true copy will be presented for settlement to the Hon. _____, one of the judges of the within-named Court, at _____ on _____ 20___, at _____ M.

Dated:

              BRODY, O'CONNOR & O'CONNOR, ESQS.

Attorneys for

111 JOHN STREET - SUITE 900
NEW YORK, NEW YORK 10038
(212) 233-2505
FAX (212) 233-2506

To:

AFFIDAVIT OF SUITABLE SERVICE

INDEX # 18789/2011
Purchased 06/09/11

Supreme COURT OF THE STATE OF NEW YORK
COUNTY OF Suffolk

Kristine Mandell

- against -

Leo Arthur Kelsenson

BRODY ET AL  ACCTS RE
111 John Street Suite
NEW YORK
NY 10038

(212) 233-2505

Atty File # CL 11 101 SB     Record # 152888     File # 59

STATE OF NEW YORK: COUNTY OF NASSAU: ss

Joseph Hirsch being duly sworn deposes and says deponent
is not a party to this action and is over the age of eighteen years
and resides in the state of New York:

That on 06/20/11 at 12:10pm at 70 Cedar Lane Remsenburg Ny
deponent served the within Summons & Complaint on
Leo Arthur Kelsenson
recipient therein named.

After your deponent was unable with due diligence to serve the
recipient in person, service was made by delivering a true copy
thereof to and leaving with Rondo Lopez personal assistant
a person of suitable age and discretion at 70 Cedar Lane
Remsenburg Ny said premises being the recipient's
usual place of abode a private house within the State of New York.

Deponent completed service by depositing a copy of the
Summons & Complaint on 06/21/11 in a postpaid,
properly addressed envelope by first class mail, bearing the legend
Personal & Confidential and not indicating legal action, in an office
depository under the exclusive care and custody of the United States
Post Office in the State of New York.
Mailing was made to 70 Cedar Lane Remsenburg Ny

Attempts:
A description of the person served on behalf of the defendant is
as follows:
Approx Age: 40 Years   Approx Weight: 180 Lbs.   Approx Height: 5'10
Sex: Male   Color of Skin: White   Color of Hair: Black
Other:

Deponent spoke to Rondo Lopez-Personal Assistant same as above,
confirmed the above address of defendant and asked whether defendant was in active military service of the United States or the State of New York in any capacity whatever or is a dependent of anyone in the *military* and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in Federal statutes.

Sworn to before me this 06/21/11
Maureen Scardale #0:SC6127636
Notary Public   State of New York
Nassau County, Commission expires ...

Joseph Hirsch

Supreme Judicial Services, Inc.

371 Merrick Road • Rockville Centre, N.Y. 11570 • (516) 825-7600
225 Broadway • New York, N.Y. 10007 • (212) 319-7171
FAX (516) 568-0812